# IN THE COURT OF APPEALS OF IOWA

No. 22-0842
Filed August 9, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BOOKER DEON McKINNEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


        Booker McKinney appeals the sentence and restitution obligations imposed

following his guilty plea.  **AFFIRMED.**


        Fred Stiefel, Victor, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney

General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**AHLERS, Presiding Judge.**

After Booker McKinney pleaded guilty to domestic abuse assault by strangulation causing bodily injury, a class "D" felony in violation of Iowa Code section 708.2A(5) (2021), the district court sentenced him to serve a prison term not to exceed five years and to pay restitution in the form of court costs and $60 of court-appointed attorney fees. McKinney appeals. He argues the district court failed to give a detailed list of reasons for imposing the prison sentence and the court erred by ordering category "B" restitution without determining McKinney's reasonable ability to pay. *See* Iowa Code § 910.1(2) (defining category "B" restitution).

Starting with the sentencing issue, we have jurisdiction to hear the appeal despite McKinney's guilty plea because he challenges the sentence rather than the plea itself and therefore has good cause to appeal. *See id.* § 814.6(1)(a)(3) (requiring a defendant who pleads guilty to an offense other than a class "A" felony to show good cause before having the right to appeal); *State v Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

McKinney contends the district court failed to give sufficiently detailed reasons for the sentence imposed. We review sentencing challenges for correction of errors at law. *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022). Although our rules of criminal procedure require the district court to state reasons for selecting a particular sentence, *see* Iowa R. Crim. P. 2.23(3)(d), the reasons don't need to be detailed. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). So

long as it is sufficient to allow appellate review, even a cursory explanation suffices.

*Id.* Here, the district court gave this explanation for the sentence:

> I've looked at the maximum opportunity to rehabilitate Mr. McKinney. I've looked at the need to protect the community from further offenses by Mr. McKinney and others. I've considered the nature of this offense. I've considered Mr. McKinney's previous record of convictions. I've considered Mr. McKinney's age, education, employment and family circumstances.
> I've looked at the recommendation of the [presentence investigation report (PSI)]. Again, that is tempered somewhat by the portions of the PSI I've had to disavow reliance on. I've looked at the county attorney's arguments and recommendation. I've considered the defense attorney's arguments or recommendation.
> I do not have a victim here making a victim impact statement. I've looked at whether this is a case where restitution could make up for the crime. It is not necessarily such a case.
> [Discussion about a sentencing no-contact order, with the decision made not to enter such an order.]
> . . . [H]aving considered the sentencing factors I referenced, I sentence the defendant to be confined for an indeterminate term not to exceed five years.

While this explanation for the sentencing decision is to some extent terse and succinct, it is detailed enough to provide us with a basis for review. As a result, it is sufficiently detailed to withstand McKinney's challenge. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (reiterating that a terse and succinct statement of reasons is sufficient "so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion" (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989))). We decline to grant McKinney's request to vacate the sentence and remand for resentencing.

As for the restitution issue, the record shows McKinney did not request a reasonable-ability-to-pay determination and file the required affidavit by the time of the sentencing hearing. *See* Iowa Code § 910.2A(2). As such, McKinney waived his ability to directly challenge his reasonable-ability-to-pay determination

at sentencing. *See id.* § 910.2A(2)(b) ("Failure to furnish a completed financial affidavit waives any claim regarding the offender's reasonable ability to pay."). To the extent McKinney seeks to challenge the events that transpired regarding his request for a reasonable-ability-to-pay determination after sentencing, we are without jurisdiction to address his challenges. Those events consist of McKinney filing a request for such a determination after the sentencing order was issued. In response, the district court issued an order stating it construed McKinney's filing as a petition under Iowa Code section 910.7 and set a hearing on the petition. McKinney failed to appear for the hearing, so the court issued an order confirming the original amount of category "B" restitution. If McKinney were trying to appeal from that order, he cannot do so, as "[a]ppellate review of a district court ruling under [section 910.7] shall be by writ of certiorari." *Id.* § 910.7(5). And, while we have the authority to treat a notice of appeal as a petition for writ of certiorari, *see* Iowa R. App. P. 6.108, McKinney has not filed anything seeking review of the court's order ruling on his request for a reasonable-ability-to-pay determination under section 910.7. The notice of appeal filed to initiate this appeal states only that McKinney is challenging the sentencing order. As there is no appellate proceeding before us from the post-sentencing restitution order, we are without jurisdiction to address any arguments McKinney may be making about it.

**AFFIRMED.**